UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS BROWDY :
: PRISONER
v. : Case No. 3:03CV1981(DFM)
:
THERESA C. LANTZ, et al. :

RULING AND ORDER

Pending are defendants' motion for extension of time and plaintiff's motions for leave to amend, certificate of appealability, reconsideration and sanctions.[1]

I. Plaintiff's Motion for Leave to Amend [doc. #62]

Plaintiff requests leave to file a second amended complaint. He states that the claims in his proposed second amended complaint include incidents that occurred after he filed the

[1]Plaintiff has filed an interlocutory appeal of the denial of his motion for preliminary injunctive relief. "The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, the filing of a notice of appeal does not automatically divest the district court of jurisdiction over all pending matters. See United States v. Rogers, 101 F.3d 247, 251 (2d Cir. 1996). Where the appeal is of an interlocutory order denying preliminary injunctive relief, the district court is not divested of matters not relating to the subject of the appeal. See Webb v. GAF Corp., 78 F.3d 53, 55 (2d Cir. 1996); New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989). The motions that are the subject of this ruling are not related to the subject of the appeal. Thus, the court may decide them while the appeal is pending.

original complaint. Defendants oppose the motion on the ground that discovery has ended and, if leave to amend were granted, discovery would need to be reopened and resolution of this case would be unduly delayed.

Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's original complaint is dated October 1, 2003. His amended complaint, the current operative complaint, is dated September 22, 2004. In the amended complaint, plaintiff includes a lengthy statement of claims which sets forth the facts underlying his claims. This section includes a challenge to the Security Risk Group Threat Member ("SRGTM") designation procedures, a claim that defendants failed to make reasonable accommodation to his mental health disabilities as required under the Americans with Disabilities Act, and allegations that he was retaliated against and harassed. In a section entitled "Legal

Claim," plaintiff challenges the lack of procedural safeguards against arbitrary determinations in administrative proceedings as violating his right to due process and equal protection of the law. Plaintiff then lists seven causes of action: (1) he was deprived of minimal due process protections in disciplinary, security designation and classification proceedings, (2) he was denied personal safety by, *inter alia*, the rules and policies regarding Security Risk Group designations and the close custody program, (3) he was assigned to a cell with a member of a rival gang despite known assaults by inmates against members of rival gangs, (4) his disciplinary sanctions continued after the disciplinary charge had been dismissed on appeal and expunged from his record, (5) defendants failed to make accommodations for his mental health disabilities, (6) he suffered harassment and reprisals for exercising his constitutional rights. He also asserts various state law claims.

The proposed second amended complaint is based on the same operative facts. The only new factual allegations relate to plaintiff's claims that defendants have not made accommodation for his mental health disability with regard to his progression through the close custody phase program. Plaintiff alleges, without indicating the dates upon which these events occurred, that after being evaluated by mental health staff, defendant Rodriguez made an initial attempt to accommodate plaintiff's

disability and comply with the recommendations of mental health staff that plaintiff be confined with an inmate of whom he approved. After a time, however, defendant Rodriguez confined plaintiff with an inmate who was not acceptable to plaintiff. This allegation does not alter plaintiff's claim that defendants have not made appropriate accommodations, in light of his mental health disability, to enable him to progress through the phase program.

Plaintiff alters the focus of other of his claims. For example, he greatly expands his claims under the Uniform Administrative Procedures Act. These changes are not the result of events occurring after the first amended complaint was filed. In addition, Rule 8(a)(2), Fed. R. Civ. P., requires that the complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff included allegations regarding violations of the Uniform Administrative Procedures Act in his first amended complaint. Thus, the court concludes that amendment is not required to include a claim that defendants have not complied with the requirements of the Uniform Administrative Procedures Act.

In addition, plaintiff did not file his motion until discovery had concluded and the deadline for filing a motion for summary judgment had arrived. He gives no reason why he waited so long to include these claims. Defendants correctly state

that, if plaintiff is permitted to amend, the scheduling order would need to be revised to include time for defendants to respond to the new complaint by answer or motion to dismiss, for the parties to conduct additional discovery and to permit defendants to file a motion for summary judgment. Thus, the resolution of this case would be delayed.

In reply to defendants' opposition to his motion, plaintiff argues that any delay in the resolution of this case is the result of defendants' requests for extension of time to respond to his discovery requests. Plaintiff is incorrect. The resolution of this case has been delayed as a result of the interlocutory appeal filed by plaintiff. The issue before the Court of Appeals now has been briefed and the court assumes that oral argument will be held shortly. Once the appeal is concluded, the case will be returned to this court and the matter can be resolved.

The court concludes that justice does not require amendment at this time. Accordingly, plaintiff's motion for leave to amend is denied.

II. <u>Plaintiff's Motion for Certificate of Appealability [doc. #63]</u>

Plaintiff moves, pursuant to 28 U.S.C. § 1292(b), for an order permitting him to appeal the denial of his motion for reconsideration of the court's decision denying as moot his motion to compel and for sanctions. A review of the docket

reveals that the only motion for reconsideration filed by plaintiff is docket entry #64. The court considers this motion below. Because the court has not yet ruled on the motion, any request for certificate of appealability is premature.

Furthermore, section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The court has not yet ruled on the motion for reconsideration. Thus, the court has not made a determination that an interlocutory appeal is warranted. Plaintiff's motion for certificate of appealability is denied.

III. Plaintiff's Motion for Reconsideration [doc. #64]

Plaintiff seeks reconsideration of that portion of the court's May 23, 2005 ruling that denied as moot his motion to compel and for sanctions.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court." Id. Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (citations omitted).

Plaintiff has not identified any change in the controlling law or new evidence. Thus, the court considers his motion as attempting to correct what he perceives to be a clear error of law and prevent manifest injustice. Plaintiff states that the motion for extension of time, upon which the court relied in determining that plaintiff's request was moot, was not directed to the discovery requests that were the subject of his motion to compel. He contends that defendants did not seek an extension of time to comply with the court's March 23, 2005 order that they serve their responses twenty days after plaintiff provided counsel with a missing page from the discovery request.

In response, defendants state that plaintiff has received responses to all of the discovery requests referenced in the underlying motion to compel and for sanctions. They contend that plaintiff has not shown how he has been prejudiced by the late receipt of the responses and has not met the requirements for granting a motion for reconsideration. In reply, plaintiff challenges the adequacy of some of the responses.

The original order directed defendants to respond to the discovery requests. As the court specifically stated in the March 23, 2005 ruling, defendants were directed only to respond to the discovery requests. They were not ordered to provide all requested information or precluded from objection to any request. Even if the court improperly relied on defendants' motion for extension of time, the denial of the motion to compel was appropriate because defendants responded to the discovery requests.

The court's ruling did not preclude plaintiff from addressing any objections made by defendants or seeking court intervention should his good faith attempts to resolve the objections fail. Thus, the court can discern no prejudice to plaintiff from the court's ruling and no basis upon which to impose sanctions. Plaintiff's motion for reconsideration is granted, but the relief requested is denied. This ruling does **not** involve controlling issues of law and an immediate appeal of this issue will **not** materially advance the ultimate termination of this litigation. Thus, even if the court were now to apply plaintiff's motion for certificate of appealability to this ruling, the request would be denied.

IV. Plaintiff's Motion to Compel and for Sanctions [doc. #70]

Plaintiff asks the court to impose sanctions on defendants and order them to respond to his second set of interrogatories

and requests for production of documents and requests for admission. Specifically, plaintiff states that defendant Bradway has not responded to his request for production and requests for admission and defendant Lantz has not responded to his second set of interrogatories and request for production and first requests for admission.

In response, defendants state that defendant Bradway's responses to the requests for production and requests for admission were sent on plaintiff on May 10, 2005. Plaintiff's motion was not dated until June 28, 2005. Thus, he should have received the responses well before he drafted the motion. The court can discern no basis for plaintiff's request to compel responses that he already has received.

Defendants also state that defendant Lantz' responses were sent to plaintiff on June 24, 2005. As he references defendant Lantz' responses in his motion, the court again may discern no basis for the request to compel defendant Lantz' responses.

Plaintiff also states that defendants failed to answer all of his requests. Defendants were granted an extension of time to respond to the several discovery requests. They can object to specific questions and are not required to answer all questions to plaintiff's satisfaction. If plaintiff is dissatisfied with any responses, the Federal Rules of Civil Procedure and Local Civil Rules provide guidance on the proper way to attempt in good

faith to resolve the matter before seeking court intervention. Plaintiff has not shown that he complied with these requirements regarding any responses that were unsatisfactory to him.

Plaintiff also seeks sanctions pursuant to Rule 37, Fed. R. Civ. P., which provides that the court may sanction a party who fails to obey a court order requiring discovery. See Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.").

Plaintiff does not indicate in his motion that he has been prejudiced by the late receipt of the discovery responses. As the court has indicated in previous rulings, this action cannot be resolved until the Court of Appeals rules on plaintiff's appeal of the denial of his motion for temporary restraining order. The court concludes that sanctions are not warranted in this case. Plaintiff's motion to compel and for sanctions is denied without prejudice.

V. Defendants' Motion for Extension of Time [doc. #67]

Finally, defendants seek an extension of time to file a dispositive motion. As support for their request, they note that plaintiff filed his motion for leave to file a second amended complaint one day before the deadline for filing a motion for

summary judgment. Defendants state that they were unable to file a motion for summary judgment because they did not know whether the court would grant plaintiff's motion to amend and, thus, could not know whether the first or proposed second amended complaint would be the operative complaint in this case.

Plaintiff opposes the motion. He states that defendant were aware that he had attempted to file a second amended complaint without obtaining leave of court and, thus, were on notice of the possible new claims. Plaintiff's argument is not persuasive. Plaintiff's second amended complaint was rejected in March 2005. He did not immediately seek leave to amend. Instead, he waited over two months. This delay suggested that plaintiff had decided not to seek leave to amend.

Defendants' motion is granted. Defendants' shall file their motion for summary judgment on or before November 1, 2005.

VI. Conclusion

Plaintiff's motion for leave to file a second amended complaint [**doc. #62**], motion for certificate of appealability [**doc. #63**] and motion to compel and for sanctions [**doc. #70**] are **DENIED.** Plaintiff's motion for reconsideration [**doc. #64**] is **GRANTED** but the relief requested is **DENIED.** Defendants' motion for extenison of time [**doc. #67**] is **GRANTED** over plaintiff's objection. Defendants shall file their motion for summary judgment on or before **November 1, 2005.**

**SO ORDERED** at Hartford, Connecticut, this 4th day of October, 2005.

/s/ Donna F. Martinez
DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE