UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS BROWDY | : | |
| | : | PRISONER |
| v. | : | Case No. 3:03CV1981(DFM) |
| | : | |
| THERESA C. LANTZ, et al. | : | |

RULING AND ORDER

The defendants have filed a motion for extension of time to respond to the plaintiff's cross motion for summary judgment. The plaintiff has filed motions for relief from order, to strike and for entry of judgment.

I.   Defendants' Motion for Extension of Time [doc. #97]

The defendants seek an extension of time to file their response to the plaintiff's cross motion for summary judgment. The defendants' motion is granted.

II.  Plaintiff's Motion for Relief from Order [doc. #26]

On October 21, 2004, the court construed the plaintiff's motion for temporary restraining order as a motion for mandatory injunction and denied the motion. The plaintiff has filed a motion entitled "Motion for Relief from Order" in which he seeks reconsideration of the ruling.

Motions for reconsideration must be filed within ten days

from the date of the ruling to which the motion is directed.  See D. Conn. L. Civ. R. 7(c)1 (providing that a motion for reconsideration must be filed within ten days of the date of the decision from which relief is sought).  Thus, the plaintiff had until November 4, 2004, to file his motion for reconsideration.

A motion filed by a prisoner is considered filed on the day the prisoner gives the motion to prison officials for mailing to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  The certificate of service indicated that the plaintiff mailed his motion to opposing counsel and the court on November 15, 2004, eleven days too late.  Thus, the motion is denied as untimely filed.

Further, even if the motion were timely filed, it should be denied.  The standard for granting a motion for reconsideration is strict.  Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law

or fact or to consider newly discovered evidence ...." <u>LoSacco v. City of Middletown</u>, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting <u>Rothwell Cotton Co. v. Rosenthal & Co.</u>, 827 F.2d 246, 251 (7th Cir. 1987)), <u>aff'd</u>, 33 F.3d 50 (2d Cir. 1994).

In his motion for preliminary injunctive relief, the plaintiff asked the court to order the defendants to comply with the holding in <u>Taylor v. Rodriguez</u>, 238 F.3d 188 (2d Cir. 2001). The court distinguished this case from the facts in <u>Taylor</u> and denied the motion. (<u>See</u> Doc. #21.)  That ruling was affirmed. <u>See</u> <u>Browdy v. Lantz</u>, No. 05-0110-CV, 2006 WL 1584728 (2d Cir. May 23, 2006).  In his motion for reconsideration, the plaintiff has not identified any controlling decisions or data that was overlooked by the court.  Accordingly, the motion would have been denied on the merits as well.

III. <u>Plaintiff's Motion to Strike [doc. #90]</u>

The plaintiff moves to strike the defendants' Local Rule 56(a)1 Statement.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."  <u>Schramm v. Kirschell</u>, 84 F.R.D. 294, 299 (D. Conn. 1979).  <u>See</u> <u>Lipsky v.</u>

Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("courts should not tamper with the pleadings unless there is a strong reason for so doing"); Velez v. Lisi, 164 F.R.D. 165, 166 (S.D.N.Y. 1995) ("A motion to strike is an extraordinary remedy which will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.").

A Local Rule 56(a)1 Statement is not a pleading.  Rule 7(a), Fed. R. Civ. P., defines a pleading as a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint or third party answer.  Because the document is not a pleading, the plaintiff's motion to strike is denied.

IV.   Plaintiff's Motion for Entry of Judgment   [doc. #83]

The plaintiff asks the court to "enter judgment denying the defendants motion in opposition of extension of time and cross motion for judgment."  Although the motion was docketed as a motion for entry of judgment, it really is just an objection to defendants' motions for extension of time.  As all motions for extension of time have been resolved, the plaintiff's motion is denied as moot.

V.    Conclusion

The defendants' motion for extension of time [**doc. #97**] is **GRANTED** nunc pro tunc.  The plaintiff's motions for relief from order [**doc. #26**], to strike [**doc. #90**] and for entry of judgment

4

[**doc. #83**] are **DENIED**.

    **SO ORDERED** at Hartford, Connecticut, this 31st day of July, 2006.

                                    /s/ Donna F. Martinez
                                  DONNA F. MARTINEZ
                                  UNITED STATES MAGISTRATE JUDGE